IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT JOE TINGLE                                                      PLAINTIFF

V.                                    CIVIL ACTION NO.4:06CV214-WAP-JAD

SHARON JORDAN                                                   DEFENDANT

<u>REPORT AND RECOMMENDATION</u>

Robert Joe Tingle has sued Sharon Jordan, who was the librarian at Delta Correctional Facility. Tingle alleges Jordan's failure to provide assistance resulted in his missing a court imposed deadline and the dismissal of his 'criminal' appeal. It was in fact an appeal from denial of a habeas petition. Jordan has filed for summary judgment (Doc. 17) and the plaintiff has filed a response in opposition.

<u>SUMMARY JUDGMENT STANDARDS</u>

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986)). If the

party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). *Little v. Liquid Air Corp.* at 1075.[1] "A dispute regarding a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d. 202(1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

*Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

## RECORD SUMMARY AND ANALYSIS

Robert Tingle has alleged that he was denied meaningful access to the courts. Tingle's right to access to the courts is not unlimited. Inmates must be provided only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions and conditions of confinement." *Johnson v. Rodriguez,* 110 F.3d 299, 310-11 (5th Cir. 1997) (*quoting Lewis v. Casey,* 518 U.S. 343, 356, 116 S. Ct. 2174, 2182, 135 L.Ed. 2d 606 (1996)).

According to the affidavit of Sharon Jordan, Robert Tingle came to the law library on May 2, 2006 seeking assistance. Jordan prepared a written response and set a May 4th appointment for Tingle. In keeping with the normal procedures, the written response was delivered to the building where Tingle was housed. It was the responsibility of the officers in the building to deliver the response to Tingle. Mr. Tingle did not show up for the May 4th appointment. A second request from Tingle was dated May 9, 2006, but not received until the next day. Jordan again responded in writing and set a May 11th appointment. The response was delivered to Tingle's building to be delivered by officers in that building. Tingle again did not make the appointment.

Jordan claims that she is entitled to summary judgment for two reasons. She responded appropriately to Tingle's request for assistance. If he did not receive response, it was the fault of persons not party to this action. Secondarily, Jordan contends that she cannot be liable because the

underlying appeal was without merit and would have been denied in any event. Jordan is correct on both counts.

Tingle's response does not contradict Jordan's affidavit regarding how she responded to his requests for assistance. He concedes she may well have done exactly what she claims and responds only that he did not actually receive the response. Nor does Tingle contradict Jordan's assertion regarding the normal procedure for delivering responses to inmates through other staff. Because there is no evidence presented to indicate that Jordan was responsible for any denial of assistance, there is a failure of proof on an element of Tingle's claim on which he bears the burden of proof. Jordan is entitled to summary judgment on this basis alone.

Additionally, Jordan is correct in her assertion that Tingle cannot prove any legal prejudice flowing from the dismissal of the appeal. Tingle filed a post-conviction motion in the Circuit Court of Panola County, Mississippi on July 22, 2005. He challenged the propriety of the indictment in a case where he pled guilty on or about March 3, 2000. The post-conviction petition was denied in the trial court because it was time barred under § 99-39-5 (2), Miss. Code Ann., which limits the time for filing to three years from entry of the judgment of conviction. Tingle's attempt to appeal this order ended with the Mississippi Supreme Court dismissing the case for failure to pay costs. Tingle had been denied *in forma pauperis* status for this appeal twice in the trial court. Inasmuch as the appeal was clearly without merit, Tingle has failed to produce evidence to support another element of his claim on which he bears the burden of proof. Tingle has suffered no legal harm from any denial of legal assistance.

While Tingle may not have known at the time he filed this suit whether Jordan or another individual was responsible for his allegedly not receiving the requested legal assistance, Tingle knew when he filed this action that the underlying appeal was without merit. Thus this action is frivolous.

For the foregoing reasons, the undersigned recommends that the motion for summary judgment be granted and the complaint dismissed with prejudice. The undersigned recommends that this dismissal be counted as a strike against the plaintiff under the provisions of 28 U.S.C. §1915(g).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 28th day of February, 2008.

/s/ Jerry A. Davis
U. S. MAGISTRATE JUDGE